**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| ALEXANDER LUNA,<br><br>        Plaintiff,<br><br>    v.<br><br>BLUESTEM BRANDS, INC., d/b/a FINGERHUT<br><br>        Defendant. | Case No.  2:18-cv-14511<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1.    Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2.    FLA. STAT. § 559.72 *et seq.*;<br>3.    Intrusion Upon Seclusion; and<br>4.    FLA. STAT. § 768.72 *et seq* |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, Alexander Luna ("Plaintiff"), by and through his attorneys, and hereby alleges the following against Defendant, Bluestem Brands, Inc., d/b/a Fingerhut ("Defendant" or "Fingerhut"):

## **INTRODUCTION**

1.    Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.    Count II of Plaintiff's Complaint is based upon Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. § 559.72, which prohibits persons from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.    Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

4. Count IV Plaintiff's Complaint is based upon Punitive Damages, Fla. Statute § 768.72, which allows a Plaintiff to recover punitive damages where "the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the State of Florida.

8. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

9. The debt in question is a "consumer debt" as defined by § 559.55(6).

10. At all relevant times herein, Defendant Fingerhut, was a company engaged, by use of mails and telephone, in the business of collection a debt from Plaintiff which qualifies as a "consumer debt" as defined by FCCPA § 559.55(6).

11. Defendant was and is a "person" as said term is defined under Florida Statute § 1.01(3) and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

12. Defendant is a financial institution with its principal place of business located in Eden Praire, Minnesota. Defendant's registered agent, CT Corporation System, can be served with process at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. In or around March 2018, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on his cellular phone number ending in 9539.

15. Defendant called Plaintiff from (855) 892-3382, (844) 343-6207, and (844) 669-7904.

16. Upon information and belief, Defendant owns and operates the above-referenced phone numbers.

17. On or about March 1, 2018, at 8:41 a.m., Plaintiff received a call on his cell phone from (855) 892-3382. Plaintiff heard a pause before the representative began to speak, indicating the use of an automated telephone dialing system.

18. During this call, Plaintiff explained that he had no money, he wanted Fingerhut to stop calling him, and that he would call them when he could make a payment.

19. Despite revoking consent, Plaintiff continued to receive phone calls from Defendant.

20. Between March 1, 2018, and May 30, 2018, Plaintiff received approximately twenty-five (25) calls to his cell phone after requesting Defendant to stop calling him.

21. There were several occasions where the Defendant called Plaintiff multiple times in one day;

    a. Plaintiff received two (2) calls from Defendant on or about May 23, 2018 through May 25, 2018;

    b. Plaintiff received two (2) calls from Defendant on or about May 30, 2018.

22. Upon information and belief, Defendant also left prerecorded or artificial voice messages for Plaintiff.

23. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

24. Defendant was aware that Plaintiff was facing financial difficulties, that he could not make a payment, that he wanted the calls to stop, and that he would call Defendant when he could make a payment.

25. The conduct was not only willful, grossly negligent and intentional, but was done with intention of causing Plaintiff such distress, so as to induce him to pay the debt.

26. Plaintiff is a disabled veteran who was medically discharged in 2014.

27. Plaintiff has been out of work since 2014 and suffers from post-traumatic stress disorder (PTSD), traumatic brain injury (TBI), and Plaintiff has different heart problems.

28. Plaintiff is on approximately seven (7) different prescription medication.

29. Moreover, Plaintiff relies exclusive on the Veteran Affairs benefits to pay for his living necessities.

30. Defendant's automated debt collection calls have caused Plaintiff to suffer from stress, anxiety, headaches, sleepless nights and frustration.

31. Due to Defendant's actions, Plaintiff has suffered emotional distress and an invasion of his privacy.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as though fully stated therein.

33. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II

### (Violations of the FCCPA, FLA. STAT. § 559.72 *et seq*.)

35. Plaintiff incorporates by reference paragraphs one (1) through thirty-four (34) of this Complaint as though fully stated therein.

36. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated FLA. STAT. § 559.72 (7), which states in part that it is a violation to "[w]illfully communicate with the debtor … with such frequency as can reasonably be expected to harass the debtor … or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor …."

   b. Defendant called Plaintiff approximately (25) times after Plaintiff revoked consent to be called, explained that he was going through a financial difficulty, that he had no money, and that he would call Defendant when he could make a payment.

37. As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

## COUNT III

### (Intrusion Upon Seclusion)

38. Plaintiff incorporates by reference paragraphs one (1) through thirty-eight (38) of this Complaint as though fully stated therein.

39. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes … upon the solitude or seclusion of another, or his private affairs or

concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after Plaintiff's request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's daily schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## COUNT IV

### (Fla. Statute § 768.72 – Punitive Damages)

42. Plaintiff incorporates herein by reference paragraphs one (1) through forty-one (41) of this Complaint as though fully set forth herein at length.

43. Fla. Statute § 768.72 allows a Plaintiff to recover punitive damages where "the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."

44. Fla. Statute § 768.72(2)(a) defines "intentional misconduct" as defendant having "actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to

the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage."

45. Fla. Statute § 768.72(2)(b) defines "Gross negligence" as "reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct."

46. Plaintiff is informed and believes that the aforesaid conduct was malicious, wanton, and oppressive, as those terms are defined by Fla. Statute § 768.72(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights and safety.

47. Defendant was aware that Plaintiff was having financial difficulty, that he could not make a payment, that he requested to not be called on his cell phone, and that he would call Defendant when could make a payment, and yet, Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, FCCPA, and Plaintiff's privacy rights.

48. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff, Alexander Luna, respectfully requests judgment be entered against Defendant, Bluestem Brands, Inc., d/b/a Fingerhut, for the following:

49. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

50. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3);

51. Statutory damages of $1,000.00 pursuant to the FCCPA, Fla. Stat. § 559.77;

52. Actual damages pursuant to FCCPA, Fla. Stat. § 559.77;

53. Punitive damages pursuant to FCCPA, Fla. Stat. § 559.77;

54. Costs and reasonable attorneys' fees pursuant to the FCCPA, FLA. STAT. § 559.77;

55. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their intentional misconduct and/or gross negligence, pursuant to Fla. Statute § 768.73;

56. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

57. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 17th day of December 2018.

> By: /s/*Aaron M. Swift*
> Aaron M. Swift, Esq.
> FBN 0093088
> Swift & Isringhaus, P.A.
> 10460 Roosevelt Blvd. N., Suite 313
> St. Petersburg, FL 33716
> Telephone: (727) 490-9919
> Facsimile: (727) 255-5332
> aswift@swift-law.com
> *Attorney for Plaintiff,*
> *Alexander Luna*